UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA RENNE PAFFENDORF, | No. 1:22-cv-01295 AC |
| Plaintiff, | |
| v. | ORDER |
| MARTIN O'MALLEY, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1] For the reasons that follow, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

////

////

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 et seq., is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

I.  PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income on May 29, 2020, alleging disability due to ADHD, right ankle arthritis, low back pain, depression, and anxiety. Administrative Record ("AR") 190-199, 221.[2] Plaintiff alleged the disability onset date was November 9, 2019. AR 217.  The applications were disapproved initially (AR 122-126), and on reconsideration (AR 130-136).  On August 19, 2021 ALJ Mark Baker presided over hearings on plaintiff's challenge to the disapprovals.  AR 34-56 (transcript).  Plaintiff was present and testified at the hearing.  AR 34-35.  She was represented by Melinda Davies.  AR 36.  Mitchell Schmidt, a vocational expert, also testified at the hearing.  AR 36.  On September 1, 2021, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 18-29 (decision), 30-33 (exhibits).  On August 9, 2022, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1-3 (decision).

Plaintiff filed this action on October 10, 2022.  ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3).  The case was transferred from the Fresno Division of the Eastern District of California to the Sacramento Division on August 17, 2023.  ECF No. 19.  The parties consented to the jurisdiction of the magistrate judge.  ECF Nos. 20, 23.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 13 (plaintiff's summary judgment motion), 17 (Commissioner's summary judgment motion), 18 (plaintiff's response).

II.  FACTUAL BACKGROUND

Plaintiff was 33 years old on the date of application.  AR 28.  She completed the twelfth grade and reported past employment as a cashier and crew member at a Burger King fast food restaurant.  AR 222.

III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards."

---

[2] The AR is electronically filed at ECF No. 9.

Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

3

2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a.  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or

disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since May 29, 2020, the application date (20 CFR 416.971 *et seq*.).
>
> 2. [Step 2] The claimant has the following severe impairments: depressive disorder, learning disorder, borderline intellectual functioning, and an anxiety disorder (20 CFR 416.920(c)).
>
> 3. [Step 3] The claimant does not have an impairment, or combination of impairments, that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: able to concentrate in the workplace for two hours before requiring a break. She is limited to performing simple, routine tasks. The claimant can frequently respond appropriately to changes in a routine work setting. She requires a low stress work environment, defined as requiring only occasional independent decision-making or use of work related judgement, and no responsibility for the safety of others.
>
> 5. [Step 4] The claimant has no past relevant work (20 CFR 416.965).
>
> 6. [Step 5] The claimant was born [in 1986] and was 33 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. [Step 5, continued] The claimant has at least a high school education (20 CFR 416.964).
>
> 8. [Step 5, continued] Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CF'R 416.969 and 416.969(a)).

> 10. The claimant has not been under a disability, as defined in the Social Security Act, since May 29, 2020, the date the application was filed (20 CFR 416.920(g)).

AR 20-29.  As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 29.

## VI.  ANALYSIS

Plaintiff argues a single point of error: that the ALJ's RFC determination is not supported by substantial evidence because he assessed the opinion of psychological consultative examiner, Megan Stafford, Psy.D., as persuasive but failed to account for all limitations assessed by Dr. Stafford or explain their omission.  ECF No. 13 at 9-15.  With respect to medical opinions, revised regulations apply to claims filed on or after March 27, 2017, which change the framework evaluation of medical opinion evidence.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight ... to any medical opinion(s)" but instead must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources and evaluate their persuasiveness.  Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a) and (b).

The factors for evaluating the persuasiveness of a physician opinion include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. § 404.1520c(c)(1)-(5).  Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 404.1520c(b)(2).  Supportability and consistency are defined in the regulations as follows:

>(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
>(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(3). The Ninth Circuit has confirmed that the new regulatory framework eliminates the "treating physician rule" and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. Woods v. Kijakazi, 32 F.4th 785 (9th Cir. 2022). Still, in rejecting any medical opinion as unsupported or inconsistent, an ALJ must provide an explanation supported by substantial evidence. Id. In sum, the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." Id. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Here, consultative examiner Megan Stafford, Psy.D., performed a psychological consultative examination on June 15, 2019. AR 397. At the time of examination, plaintiff endorsed chief complaints of depression, anxiety, and attention deficit hyperactivity disorder. Id. She reported that one of her children passed away due to a "bad, bad marriage," another child had been "fully adopted," and her ex-husband was incarcerated. AR 397. These circumstances, and news media that occurred surrounding her child's death, caused her depression. Id. Plaintiff stated she was diagnosed with ADHD as a child and attended special education classes. AR 298.

Upon examination, plaintiff was unable to calculate seven quarters equal $1.75 and was unable to complete serial 3s. AR 400. Following the examination, Dr. Stafford diagnosed plaintiff with unspecified depressive disorder with symptoms of anxiety, rule out specific learning disorder, and rule out borderline intellectual functioning. AR 400. Dr. Stafford opined that plaintiff's ability to perform work activities on a consistent basis without special or additional instruction is "moderately impaired due to a history of requiring additional resources to learn new information and complete difficult tasks" and found moderate impairment in plaintiff's ability to deal with the usual stress encountered in the workplace due to "emotional dysregulation, low frustration tolerance, and limited coping skills." AR 401. Dr. Stafford found plaintiff's ability to perform simple and repetitive tasks is unimpaired. AR 400.

On June 17, 2019, Dr. Stafford completed a mental medical source statement of plaintiff's ability to do work-related activities. AR 394. In pertinent part, Dr. Stafford assessed Plaintiff with moderate limitations in the following areas: understand and remember complex instructions, carry out complex instructions, the ability to make judgment on complex work-related decisions. Id. Additionally, Dr. Stafford opined that plaintiff was moderately limited in her ability to deal with usual stress in the workplace and ability to perform work activities on a consistent basis without special or additional instructions. AR 395. However, Dr. Stafford assessed no impairments in understanding and remembering simple instructions, carrying out simple instructions, and making simple work-related decisions. Id.

The ALJ assessed Dr. Stafford's opinion as persuasive. AR 27. In pertinent part, the ALJ reasoned that "Dr. Stafford supported up to moderate limitations in some areas of mental functioning by referencing remarkable findings from her evaluation, such as the claimant's reports of anxiety and hyperventilation, history of special education, inability to count change, and inability to complete serial 3's on examination." AR 27. The ALJ then crafted an RFC that limited plaintiff to simple repetitive tasks, but did not specifically reference the need for special or additional instruction. Compare AR 401, AR 24. The ALJ found plaintiff could "frequently respond appropriately to changes in a routine work setting" and could perform "occasional independent decision-making and use of work related judgment." AR 23-24. Plaintiff contends

the ALJ erred by failing to mention limitations regarding special and/or additional instructions.

The Commissioner argues that Dr. Stafford's assessment regarding special and additional instructions applies only to learning "new information" and completing "difficult tasks," and the ALJ's limitation to simple routine work eliminates the need for plaintiff to encounter such situations in the workplace. AR 401, ECF No. 17 at 6-7. The Commissioner reasons that the ALJ limited plaintiff to a "low stress work environment, defined as requiring only occasional independent decision-making or use of work related judgement, and no responsibility for the safety of others" and that these limitations in RFC determination are fully in line with Dr. Stafford's opinion. AR 24, 395; ECF No. 17 at 7. After a thorough review of the medical opinion and the RFC, the court agrees with the Commissioner. The ALJ incorporated into the RFC Dr. Stafford's most restrictive limitation – a limitation to simple, repetitive tasks – and thus it was not necessary for the ALJ to address limitations that applied higher levels of functioning (e.g., completing difficult tasks or learning new information). AR 27, 410. The court concludes that the ALJ adequately evaluated and incorporated Dr. Stafford's opinion into the RFC and finds no error.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17), is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

SO ORDERED.

DATED: March 15, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE